IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABORERS' COMBINED FUNDS OF )
WESTERN PENNSYLVANIA, as agent for )
Philip Ameris, and Paul V. Scabilloni, )     Civil Action No.
trustees ad litem, Laborers' District )
Council of Western Pennsylvania )
Welfare and Pension Funds, )
The Construction Industry Advancement )
Program of Western Pennsylvania Fund, )
Western Pennsylvania Heavy & Highway )
Construction Advancement Fund and the )
Laborers' District Council of Western )
Pennsylvania and its affiliated local unions and )
LABORERS' DISTRICT COUNCIL OF WESTERN )
PENNSYLVANIA, )
)
    Plaintiffs, )
)
  v. )
)
R&B CONTRACTING & EXCAVATING, INC. a/k/a )
R&B CONTRACTING & EXCAVATION, INC., )
)
    Defendant. )

**COMPLAINT**

**COUNT I**

**Laborers' Combined Funds of Western Pennsylvania, et al. v.**
**R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc.**

   1.  Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b), 29 U.S.C. §1104, §406, 29 U.S.C. §1106, §409, 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc. ("Defendant Contractor") has failed to pay fringe benefit contributions and wage deductions to Plaintiff Funds in violation of Agreements entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "Union"), an employee organization.

   2.  Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "Funds"), is a Pennsylvania non-profit corporation which maintains its principal place of

business at 12 Eighth Street, Pittsburgh, Pennsylvania 15222.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter "Funds").  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3.      The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4.      The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions, the Construction Industry Advancement Program of Western Pennsylvania Fund and Western Pennsylvania Heavy & Highway Construction Advancement Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("Industry Fund") and Dues Deduction Funds ("Dues Fund").

5.      Plaintiff Laborers' District Council of Western Pennsylvania (hereinafter "Union"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, Pittsburgh, Pennsylvania 15222.

6.      Defendant Contractor is engaged in the construction business and maintains its principal place of business at 4821 Buttermilk Hollow Road, West Mifflin, Pennsylvania 15122.

7.      Defendant Contractor has entered into a Collective Bargaining Agreements ("Agreements") with the Laborers' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff for pension, welfare, industry and dues for the benefit of employees covered under such Agreements.

8.      In violation of such Agreements, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff for the period of January 2015 through March 2017, which has resulted in a principal deficiency of $291,364.97.

Employer is obligated to submit to the Funds its April 2017 reports with payments by May 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimates that each such monthly report will total at least $24,000.00.  In addition, interest through May 18, 2017 is due of $31,517.63 and late charges/liquidated damages are due Plaintiff of $71,827.91, for a total deficiency of $394,710.51.  Interest will continue to accrue after May 18, 2017 at the rate of $119.74 per day.

9.      Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and late charges/liquidated damages at ten (10%) percent times the principal amount owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

10.     Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

11.     Pursuant to ERISA, Defendant Contractor is also obligated to pay Plaintiff's reasonable attorneys' fees which are to equal twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00).  Such estimated fees and expenses total $78,942.10 through May 18, 2017.  Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

12.     Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifi-cally perform under the federal statutes and Agreements and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets; and

(b)  For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant Contractor's business operations from April 2017; and

(c)  For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d)  For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $473,652.61, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus late charges/liquidated damages, attorneys' fees, and costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

## COUNT II

### Laborers' District Council of Western Pennsylvania v. R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc.

14.     The averments contained in paragraphs 1 through 13 are hereby incorporated by reference herein.

15.     In violation of such Agreements, Defendant Contractor has failed to submit timely payments of wage deductions for initiation fees and monthly dues to Plaintiff Union in the amount of $13,388.89.

16.    Plaintiff Union has demanded from Defendant Contractor payment of all such amounts due, but such Defendant has neglected and continues to neglect to pay such amounts.

WHEREFORE, Plaintiff Union demands that judgment be entered against Defendant Contractor in the amount of $13,388.89 plus interest, and the costs of this action.

TUCKER ARENSBERG, P.C.


s/ Jeffrey J. Leech
Jeffrey J. Leech
PA I.D. No. 19814
Neil J. Gregorio
PA I.D. No. 90859

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiffs

LIT:623460-1 000004-010359